**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL C. PEARSON,<br><br>    Petitioner,<br><br>    v.<br><br>DOMINGO URIBE, JR., Warden,<br><br>    Respondent. | Case No. CV 09-7976 DOC (JCG)<br><br>**ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

**I.**

**INTRODUCTION AND SUMMARY**

On October 20, 2009, petitioner Michael C. Pearson ("Petitioner"), a California prisoner incarcerated at California State Prison, Centinela and proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254.

On July 6, 2010, Respondent filed a Motion to Dismiss the Petition ("Motion"), asserting that the Petition is barred by the one-year statute of limitation set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1).

On November 22, 2010, Petitioner filed an Opposition to the Motion

1  ("Opposition").  In his Opposition, Petitioner argued:  (1) with respect to his final
2  habeas petition before the California Supreme Court, "California's habeas timing
3  rules were not adequate at the time it denied Petitioner's state petition on timeliness
4  grounds"; and (2) that his "showing of 'actual innocence' allows him to pass through
5  any such time bar."  (Opp. at 5, 10.)
6       On January 19, 2011, the Magistrate Judge issued his Report and
7  Recommendation ("R&R"), recommending that Respondent's Motion be granted
8  and that judgment be entered dismissing this action with prejudice.  (*See* R&R at 2,
9  12.)
10       On February 4, 2011, Petitioner filed Objections to the R&R ("Objections").
11       In his Objections, Petitioner contends that "the misconstruction of his
12  statutory tolling argument . . . evades the question of whether the state's timing rule
13  is adequate to preclude federal review by denying statutory tolling."  (Objs. at 3.)
14  Petitioner further claims that "[b]y denying petitioner's statutory tolling argument
15  based on law governing equitable tolling, the Magistrate necessarily abused its
16  discretion."  (*Id.* at 4-5.)
17       The Court will address the argument made in Petitioner's Objections and
18  further expand upon the Magistrate Judge's denial of his actual innocence claim.  As
19  to the latter, the Magistrate Judge relied on the Ninth Circuit's decision in *Lee v.*
20  *Lampert*, 610 F.3d 1125, 1136 (9th Cir. 2010), which was recently vacated and the
21  case ordered to be reheard *en banc*.  *Lee v. Lampert*, 2011 WL 499347, at *1 (9th
22  Cir. Feb. 8, 2011).
23       In any event, now, having conducted a *de novo* review, including studying the
24  Motion, the Opposition, the R&R, and the Objections, the Court is persuaded that
25  the Petition is untimely.  This Court, therefore, adopts the findings, conclusions, and
26  recommendations of the Magistrate Judge.
27  /
28  /

**II.**

**DISCUSSION AND ANALYSIS**

A. California's Timing Rules

Petitioner first complains that the Magistrate Judge's "misconstruction of his statutory tolling argument . . . evades the question of whether the state's timing rule is adequate." This arguments lacks merit. (Objs. at 3.)

Although the R&R discusses Petitioner's argument under a section with an "equitable tolling" subheading, (*see* R&R at 9-10), Petitioner's Opposition did not clearly state whether he was making his tolling argument in the context of statutory or equitable tolling. (*See* Opp. at 5-10.) Plus, Petitioner's argument (*e.g.*, delay was "justified" because he failed to receive notice from the court) rested on deflecting blame for his tardiness, thus sounding in equity. (*Id.*)

That aside, the Magistrate Judge applied the correct legal standard and addressed Petitioner's argument. (R&R at 9-10.) Contrary to his assertion, the Magistrate Judge pointed out that Petitioner's reliance on procedural default jurisprudence was misplaced. The issue was whether Petitioner "was entitled to statutory tolling for a state habeas petition that was denied as untimely." (*Id.* at 10.)

Indeed, the Ninth Circuit has rejected the precise argument advanced by Petitioner:

> [Petitioner] argues that a condition to filing must be firmly established and regularly followed before noncompliance will render a petition improperly filed for AEDPA tolling. We disagree, as the Supreme Court has now twice found state habeas petitions improperly filed under AEDPA even though the relevant condition to filing was either new or unevenly applied.

*Zepeda v. Walker*, 581 F.3d 1013, 1018-19 (9th Cir. 2009) (footnote omitted); *see also Barnes v. Campbell*, 373 Fed.Appx. 676, 677 (9th Cir. 2010) ("Barnes contends the district court erred because it failed to determine whether California's timeliness

3

1 rule is 'adequate.'  A state's timeliness rule is a 'condition to filing' and not a
2 'procedural bar.'  Therefore, 'whether a condition to filing is firmly established and
3 regularly followed is irrelevant.'") (citations omitted).

  B. <u>Actual Innocence</u>

In his Opposition, Petitioner next contends that his gateway claim of actual innocence presents an exception to the statute of limitation.  (Opp. at 10.)  Petitioner contends that he was convicted based on "circumstantial facts" and "the declaration of La Shawnda Anderson placing petitioner in her apartment two hours before and two hours after the murder, if determined to be reliable, undermines the confidence one can have in the outcome of petitioner's trial."  (*Id.* at 13-14 (citation omitted).)

The Ninth Circuit has not conclusively decided the issue raised by Petitioner and the Court sees no need to do so in this case.  *See Lee*, 2011 WL 499347, at *1; *Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir. 2002).  To establish a gateway claim of actual innocence, Petitioner "must show that in light of all the evidence . . . 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Carriger v. Stewart*, 132 F.3d 463, 478 (9th Cir. 1997) (*en banc*), *cert. denied*, 523 U.S. 1133 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Here, Petitioner argues that, when the identification testimony is put away, the case against him rested only on thin, inadequate circumstantial evidence.  The Court disagrees.  Among other things, the circumstantial evidence alone weighed heavily, including his association with the killer, writings identified Petitioner as a gang member, "gloves found on petitioner . . . tested positive for gunshot residue," and Petitioner received "a weapon used in the shooting" after the murder.  (Opp. at 13-14.)

Moreover, Petitioner's reliance on an alibi declaration is equally insufficient to establish a claim of actual innocence.  Because post-trial declarations are "obtained without the benefits of cross-examination," *Herrera v. Collins*, 506 U.S.

4

390, 417 (1993), they "are to be treated with a fair degree of skepticism." *Id.* at 423.

Here, the proffered declaration of La Shawnda Anderson is no exception. The alibi declaration emerged over *seven years* after Petitioner's trial, with "[n]o satisfactory explanation . . . given as to why" the declarant waited so long to come forward. *Id.* at 417; (*compare* Opp., Exh. A (declaration of La Shawnda Anderson dated October 23, 2010) *with* Pet. at 2 (Petitioner convicted on September 25, 2003)). At most, the declaration does nothing more than perhaps "undercut the evidence presented at trial," but does "not affirmatively . . . prove [Petitioner's] innocence." *Carriger*, 132 F.3d at 477.

## III.
## **CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and the Objections to the Report and Recommendation. The Court has made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed. The Court concurs with and adopts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered dismissing the action with prejudice.
2. The Clerk shall serve copies of this Order and the Judgment herein on the parties.

DATED: February 24, 2011.

_____
HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE